IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA,**           No. 3:12-cr-00392-MO-08

v.                                      OPINION AND ORDER

**RODNEY GAYLIN TATE,**

        Defendant.

**MOSMAN, J.**,

        Mr. Tate is a prisoner who was convicted of conspiracy to distribute controlled substances. Mr. Tate now moves to vacate or correct his sentence under 28 U.S.C. § 2255. He alleges ineffective assistance of counsel; differences in his sentence from his plea bargain; and the government's failure to honor his cooperation agreement. For the reasons discussed below, I DENY Mr. Tate's Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 [1064].

**Legal Standards**

    A.    Ineffective Assistance of Counsel

        To prevail on a claim of ineffective assistance of counsel, petitioner must show (1) that counsel's performance was "deficient" and (2) that the deficient performance "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

        To satisfy the deficiency prong, petitioner must demonstrate that his attorney's actions "were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at

1 – OPINION AND ORDER

690. Furthermore, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

To satisfy the prejudice prong, petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

B.  Evidentiary Hearing

When a petitioner makes a §2255 motion, he is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). The Ninth Circuit has "characterized this standard as requiring an evidentiary hearing where 'the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.'" *Id.* (quoting *Schaflander*, 743 F.2d at 717). Accordingly, a hearing must be granted "unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Schaflander*, 743 F.2d at 717.

## Discussion

Mr. Tate alleges four grounds for relief.  First, he claims ineffective assistance of counsel for defense counsel's failure to argue for certain sentencing reductions.  Second, that counsel erred in failing to provide the court with medical documents.  Third, that the drug quantity he ws sentenced for was not the same drug quantity in his plea agreement.  Finally, that the government did not honor his cooperation agreement with a Pendleton police officer.

A.  Ineffective Assistance of Counsel

Mr. Tate argues his counsel erred in failing to argue for application of the "drugs minus two" policy and the minor participant reduction.  Mr. Tate also argues defense counsel did not provide appropriate medical records to the court.

i.  Drugs Minus Two

In his motion, Mr. Tate is trying to invoke the two level downward adjustment known as "drugs minus two." He was sentenced on September 17, 2015, well after the "drugs minus two" policy had been implemented.  Any such adjustment was already accounted for in his sentencing and so a failure to request it was not prejudicial.

ii.  Minor Role

Mr. Tate claims his lawyer failed to argue for a reduction in sentence due to Mr. Tate's minor role in the overall crime.  However, Mr. Tate had more than a minor role and so any failure of his attorney to argue for an adjustment based on such a role was not prejudicial.  A "minor participant" within the meaning of Section 3B1.2(b) is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n. 5. "It is not enough that [defendant] was less culpable than [his] co-participants, or even that [he] was among the least culpable of the group, because a minimal or minor participant adjustment under § 3B1.2 is available only if [he] was 'substantially' less culpable than [his] co-participants." *United States v. Cantrell,* 433 F.3d 1269, 1283 (9th Cir. 2006) (quoting *United States v. Johnson,* 297 F.3d 845, 877 & n.37 (9th Cir. 2002)).  "A 'middle man' in the conspiracy, [does] not qualify for a minor role under the Guidelines." *United States v. Singh*, 619 F. App'x 622, 624 (9th Cir. 2015).  Defendant was a middle man, he bought drugs and then sold them.  He was the equal of his co-defendants.  Indeed, fifteen of the eighteen codefendants were charged with the same crime as Mr. Tate.  As Mr. Tate would not qualify for a downward

3 – OPINION AND ORDER

adjustment, his attorney's failure to argue for such an adjustment is not prejudicial and therefore cannot constitute ineffective assistance.

        iii.   Medical evidence

At sentencing, defense counsel requested a downward departure in light of Mr. Tate's poor health. Counsel informed me that some of Mr. Tate's medical conditions were not included in the doctor's report or sentencing letter. Based on this information, I asked the defendant to list any medical conditions that were missing from the report. He listed:

    (1) enlarged pleural effusion;
    (2) subatelectassis, left lung bases;
    (3) elevated spleen upwards of 19 centimeters;
    (4) fatty liver tissue, possible cirrhosis of the left and enlarged liver;
    (5) cysts in the right kidney, 7 centimeters in diameter which are too large to come out,
    (6) compressed gallbladder and elevated left hemidiaphragm; and
    (7) neck injury, head injury, and ear injury from a car accident.

(Sentencing Transcript, p. 8–9). Mr. Tate did not include any psychological conditions. I listed the medical facilities whose records had been reviewed by the doctor who compiled the report and asked Mr. Tate if any facilities were missing. Mr. Tate said none were.

I sentenced him to seven months below the Guidelines ranges and noted I was taking in to account the medical records I had received as well as Mr. Tate's statements at the hearing. (Sentencing Transcript, p. 14) ("The only question is should [the sentence] come down at all for physical health problems. And I'm going to reduce it . . . on the idea that somewhere out there, there are records for these multiple health problems, although quite frankly, most of them are listed in the doctor's report. You can't identify any records he didn't review. You clearly make stuff up half the time. And so I have precious little sympathy for any health problems beyond what's been expressed in the doctor's report. But the doctor's report does list things that would make you in a more difficult position than your average prisoner, and so I'm going to reduce [the sentence] slightly.").

4 – OPINION AND ORDER

Mr. Tate now claims he also suffers from paralysis of the left hemidiaphragm, bipolar disorder, and personality disorder and argues his counsel's failure to present records as to these conditions amounts to ineffective assistance of counsel.

### iv. Prejudice

The government argues if at sentencing Mr. Tate had listed the maladies he now claims, I would have considered them and counsel's failure to provide the records would have been non-prejudicial. I disagree. While I did take a downward departure in light of his medical consideration, I did question Mr. Tate's credibility. Given this assessment of his credibility, having medical documentation to support his claims would have potentially helped in lowering his sentence.

### v. Performance

While the failure to provide medical records may have caused prejudice, it satisfies the performance prong.

An attorney's performance is deficient when it falls "below the objective standard of reasonableness." *Strickland,* 466 U.S. at 687-88. The government argues defense counsel's failure to provide the court with medical documentation did not fall below the objective standard of reasonableness because a reasonable attorney would have relied on the court-appointed physician to review all of the defendant's diagnoses. I agree. Certainly, without being notified by his client of any particular concern, a reasonable attorney would rely on the court appointed physician. Here, when counsel was notified by his client that potential diagnoses were not included in the report, he brought it to the attention of the court. This also comports with what a reasonable attorney would do.

Furthermore, there is no evidence that defense counsel had any knowledge or suspicion that the conditions Mr. Tate now claims existed. When given the opportunity at the hearing, Mr. Tate did not mention them nor did he indicate another medical facility that would have contained other, helpful records. He offers nothing to suggest that his attorney was aware, or should have been aware, of the conditions he now mentions. To ask defense counsel to find records from unknown facilities for conditions that were not made known to him would be unreasonable. As such, defense counsel acted as a reasonable attorney would have.

B.  Other Grounds

Mr. Tate waived his ability to file a § 2255 petition on grounds other than ineffective assistance of counsel; a motion for a new trial; or modification of sentence pursuant to an adjusted sentencing guideline. (Plea Agreement [892] at 12). His ineffective assistance of counsel arguments are addressed above; his other grounds have been waived. He cannot succeed on his argument that he agreed to a different amount or that it violated a cooperation agreement he had with a Pendleton police officer.

## Conclusion

For the reasons stated above, Mr. Tate's Motion to Vacate or Correct Sentence [1064] is DENIED.

IT IS SO ORDERED.

DATED this __21st__ day of April, 2016.

/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
Chief United States District Court Judge